UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL E. DIFOUR and
CYNTHIA R. PEGUERO,

    Plaintiffs,

v.                                                 Case No.:  2:22-cv-786-JLB-KCD

COLLIER COUNTY, FLORIDA,
KELLEY KRONENBERG, P.A.,
LAUREN K. EINHORN,
JACQUELINE C. GUBERMAN,
LAUREN L. BRODIE, SERVIS
ONE, INC. and JASON MICHAEL
VANSLETTE,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's Motion to Strike Notice of Appearance (Doc. 12).[1] Although the complaint is difficult to decipher, it appears Plaintiffs Manuel Difour and Cynthia Peguero have sued Defendants for various torts stemming from a contract dispute. (Doc. 1.)

Counsel for Defendant Servis One, Inc. has made a limited appearance for the purpose of moving for remand. (Doc. 9.) Plaintiffs object to this because Servis One's attorney is employed by the law firm Kelley Kronenberg, which is

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

also a defendant in this case. Thus, Plaintiffs claim, there is a conflict of interest. (Doc. 12 at 1.) Apart from this generalized statement, they do not cite any legal authority that would allow the Court to prohibit counsel from appearing in this case.

Servis One is "entitled to the counsel of [its] choice." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). And its choice in counsel "may be overridden only if compelling reasons exist." *Id*. The burden rests on the moving party to prove the grounds for disqualification. *Id*. Plaintiffs have fallen well short of this bar here. They do not explain how an attorney from Kelley Kronenberg is legally precluded from representing Servis One. Nor do Plaintiffs offer any rationale for why the attorney who appeared is operating under a conflict of interest. As the Court sees it, the interests of the defendants may be aligned, especially as remand is concerned. It is thus logical (and perfectly acceptable) for defendants to share counsel.

Simply put, Plaintiffs have failed to offer any rationale (let alone compelling reasons) for the Court to deprive Servis One of its right to counsel or question its choice of an attorney. Further, the Court notes that Servis One's attorney is licensed in the State of Florida.

Accordingly, is it now **ORDERED**:

Plaintiffs' Motion to Strike Notice of Appearance (Doc. 12) is **DENIED**.

**ENTERED** in Fort Myers, Florida on February 8, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record