UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL E. DIFOUR and CYNTHIA
PEGUERO

    Plaintiffs,

v.

                                                      Case No. 2:22-cv-786-JLB-KCD

STATE OF FLORIDA, COLLIER COUNTY,
KELLEY KRONENBERG P.A., LAUREN K.
EINHORN, JACQUELINE C. GUBERMAN,
LAUREN L. BRODIE, SERVIS ONE INC,
DBA BSI FINANCIAL, and JASON M.
VANSLETTE,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On December 12, 2022, Plaintiffs filed the "8.8-Million Dollar Claim Under 42 U.S. Code Sec. 1983 Action for Depravation of Civil Rights, Violation of Due Process, Conspiracy to Commit Real Estate Deed Fraud, Forgery, Wrongful Foreclosure, and Breach of Contract This Claim is Also for Obstruction of the Administration of Justice," (Doc. 1 at 1) which the Court construes as a complaint.

The complaint was filed as a civil rights action under 42 U.S.C. § 1983, but the Civil Cover Sheet also indicates that the origin of this case is "Removed from State Court." (Doc. 1-3 at 1). And the complaint states that "[t]he plaintiffs have filed notice of removal along with the counter claim and to move the state court

1

foreclosure over to the federal court in the interest of justice." (Doc. 1 at 6).

After reviewing the complaint liberally, as this Court must because of Plaintiffs' *pro se* status (*see Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998)), the Court determines that this action should be dismissed because it seeks relief from a state court action.

"The Eleventh Circuit and many district courts in this circuit have applied the *Rooker-Feldman* doctrine to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments." *Wells Fargo Bank v. Christensen*, Case No. 5:15-cv-290-Oc-39PRL, 2015 WL 13793337, at *3 (M.D. Fla. July 30, 2015) (citing *Parker v. Potter*, 368 F. App'x 945, 947–48 (11th Cir. 2010)) (citations omitted), *report and recommendation adopted*, 2015 WL 13793339 (M.D. Fla. Oct. 7, 2015). It is unclear whether judgment has been entered in the state court foreclosure action. But Plaintiffs admit that this action is an attempt to "move the state court foreclosure over to the federal court," (Doc. 1 at 6) and, moreover, via a motion for preliminary injunction, asked the Court to "vacate foreclosure judgment against [the] real property with prejudice and vacate the eviction judgment." (Doc. 3 at 10). Accordingly, the Court finds that this is ostensibly an action to challenge a state-foreclosure judgment and that this Court lacks subject matter jurisdiction over this action as it is pleaded. *See Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132 (11th Cir. 2005) ("Under the Rooker-Feldman abstention doctrine, '[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a state court decision.'").

Accordingly, it is now

**ORDERED:**

1. The complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

2. It appears that Plaintiff intended to effectuate a removal under 28 U.S.C. § 1442. But no notice of removal was filed in this Court pursuant to 28 U.S.C. § 1446(a) (though Plaintiffs allege that they filed a notice in state court [*see* Doc. 1 at 6; Doc. 10 at 51–90]), so no removal was effectuated. Accordingly, the Motion to Remand (Doc. 10) is **DENIED** as moot.

3. The Clerk of Court is **DIRECTED** to enter judgment dismissing the case without prejudice, terminate all deadlines, and close the case.

**ORDERED** at Fort Myers, Florida on March 24, 2023.

*[signature: John L. Badalamenti]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE