UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL E. DIFOUR and
CYNTHIA R. PEGUERO,

    Plaintiffs,

v.   Case No. 2:22-cv-786-JLB-KCD

COLLIER COUNTY, FLORIDA, KELLEY
KRONENBERG P.A., LAUREN K.
EINHORN, JACQUELINE C. GUBERMAN,
LAUREN L. BRODIE, SERVIS ONE INC,
and JASON MICHAEL VANSLETTE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Demand for Reconsideration; Motion to Recuse Judge (Doc. 29) (the "Motion"), which the Court construes as a Motion for Reconsideration and for Recusal. Having reviewed the briefing, the Court **DENIES** the Motion because Plaintiffs have failed to establish any ground upon which the Motion may be granted.

A motion for reconsideration may be granted based on three major grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted); *see also Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 992 (11th Cir. 2020) (holding that district court did not abuse its discretion in

1

declining to reconsider its judgment where plaintiff "failed to show that reconsideration was warranted by a change in the law, the discovery of new evidence, clear error by the court, or the need to prevent manifest injustice").

It appears that Plaintiffs are relying on the third ground—the need to correct clear error or prevent manifest injustice—because they have presented neither an intervening change in law nor the availability of new evidence.

In dismissing this case, the Court liberally construed Plaintiffs' complaint and determined that the action should be dismissed because it sought relief from a state court action—which is not within this Court's subject matter jurisdiction. (Doc. 18 at 2). Although Plaintiffs now seem to clarify that no state court foreclosure judgment has been entered in the state court matter (Doc. 29 at 2), that statement is counter to the allegations in the original complaint. Plaintiffs' complaint stated that the action was to "move the state court foreclosure over to the federal court." (Doc. 1 at 6). It also stated that a sale of Plaintiffs' property was scheduled for November 11, 2022 (*id.*), that Plaintiffs were seeking damages for wrongful foreclosure (*id.* at 12), and that there was "an irregularity in the foreclosure sale." (*Id.*) Finally, and notably, a motion for preliminary injunction filed by Plaintiffs about one week after filing the complaint, stated that they "move[d] this court to vacate foreclosure judgment" and "vacate the eviction judgment." (Doc. 3 at 10). Plaintiffs now contradict that twice-asserted factual allegation by stating that there is no state court foreclosure judgment. (Doc. 29 at 2). The Court cannot be sure which of Plaintiffs' statements is true. In short, the

Court finds that Plaintiffs have not shown that there was any clear error or manifest injustice in its initial order, and therefore, the Court finds that reconsideration is due to be denied.

The Court notes that Plaintiffs' complaint was dismissed <u>without</u> prejudice. (Doc. 18 at 3). Should Plaintiffs wish to file a new complaint <u>in a new case</u> that this Court would have subject matter jurisdiction over, they may do so. This remains an option since the Court's original order dismissing the case was <u>without prejudice</u> for lack of subject matter jurisdiction.

Moreover, Plaintiffs request that this Court recuse itself. (Doc. 29 at 2–4). Under 28 U.S.C. § 144, "the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Under 28 U.S.C. § 455, "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Id.* "[A] charge of partiality must be supported by facts." *U.S. v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.*

Plaintiffs simply do not allege or provide any evidence suggesting that this Court has any connection to Defendants or their lawyers. Nor have they alleged any facts that would entertain any doubt as to the Court's impartiality. The Court simply dismissed without prejudice Plaintiffs' complaint because the allegations in the complaint and the factual assertions made in Plaintiffs' motion for preliminary

3

injunction indicated that they were asking this Court to vacate a state foreclosure judgment. As previously noted, the Court did not have the legal authority—subject matter jurisdiction—to provide Plaintiffs the relief they sought based on the facts they alleged. Accordingly, the Court finds that no reasonable person would believe that this Court is partial towards Defendants or biased against Plaintiffs and that recusal is therefore not appropriate.

Accordingly, Plaintiffs' motion for reconsideration and recusal (Doc. 29) is **DENIED**.

**ORDERED** at Fort Myers, Florida on July 12, 2023.

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE